United States Courts
Southern District of Texas
FILED

SEP 3 0 2021    RG

Nathan Ochsner, Clerk
Laredo Division

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

|  |  |
|---|---|
| IRMA RUIZ RAMIREZ | ) |
|  | ) |
| Plaintiff, | ) **COMPLAINT** |
|  | ) |
|  | ) No._____ |
|  | ) |
|  | ) **JURY TRIAL DEMANDED** |
| V. | ) |
|  | ) |
| EL CHALALA INC., | ) |
| ROSEMARY GONZALEZ, | ) |
| MARK ANTHONY GONZALEZ, | ) |
|  | ) |
| Defendants, | ) |

Individually and in their official capacities as owners of the Chalala inc., and Notary Public/State actors,

---

## I.    SUBJECT MATTER JURISDICTION

1.    This is a civil action authorized by 42 USC Section 1981, 1983, 1985, 1986, 1988, et seq., to redress the deprivation of rights secured by the United States Constitution and Treaties. The U.S. District Court has jurisdiction under 28 SC Section 1331, 1332, a federal court has a subject matter jurisdiction over civil arising under the Constitution, law and Treaties of the United States. Or over civil action in which the amount of controversy exceeds $75,000.00, exclusive of interests and costs, and which diversity of citizenship exist between the parties.

Page 1 of 30

**BALDERAS V. NGUYEN**, USDC NDTX No.3:19-CV-2826-D. See, **GARDNER V. GIAURRUSO**, 571 F.2D 1330, 1340(5ᵀᴴ CIR. 1978). See also **KUKANA V. HOLDER,** 558 U.S. 233, 253. **(FN.1)** Cited by **REYES MATA V. LYNCH**, 576 U.S. 143 (2015) (holding that the Fifth Circuit erred in declining to take jurisdiction over Mata´s appeal. Indeed a court of appeals has jurisdiction to review a court´s rejection of an alien motion to reopen.

2.      The United States District Court Southern District of Texas Laredo Division  is an appropriate venue under 28 USC Section 1391(a)(d) because it is where the events giving rise to this claim occurred.

3.      Plaintiff´s claims for injunctive relief ere authorized by 28 USC Section 2282 and 2284 and rule 65 of Federal Rule of Civil Procedure. **STARK V. HAMILTON**, 149 GA. 227 No. 1267. Citing, **VANDERBILT V. MITCHELL,** 72N.J. EQ 910,919(67ATL. 97,14 L.R.A.(N.S.) 304)(if it appeared in this ease that only the complainant´s status and personal rights were thus threatened or thus invaded by the action of the defendants and by the filing of a false certificate , we should hold and without hesitation, that an individual has rights, other than property rights, which he can enforce in a court of equity and which a court of equity will enforce

FN.1_____

IN KUKANA THE SUPREME COURT HELD THAT NOTHING ABOUT JURISDICTION CHANGES WHERE THE BIA REJECTS A MOTION AS UNTIMELY OR ITS REJECTS A MOTION REQUESTING EQUITABLE TOLLING OF THE TIME LIMIT. THAT JURISDICTION LIKEWISE ·REMAINS UNCHANGED IF THE COURT DENIAL ALSO CONTAINS A SEAPARATE DECISION NOT TO EXERCISE ITS *SUA SPONTE* AUTHORITY.

against invasion and we should declare that the complainant is entitled to relief............ **EXPARTE WARDFIELD**, 40 TEX CRIM. 413 (50 S.W. 933 76 AM.ST R. 724) *Infra.* The court has supplemental jurisdiction over Plaintiff´s state law claims under 28 USC Section 1367. **ROBERTSON V. WEGMANN**, 436 U.S. 584 (1978) Cited by **BELL V. CITY OF MILWAUKEE**, 746 F.2D 1205 (7TH CIR. 1984).

4.      Plaintiff seek declaratory relief pursuant to 28 USC Section 2201-2202. **STARK V. HAMILTON**. Supra.

5.      Plaintiff invoke the Sherman Act as violative to Section 1-7. **CHRISTIANSON V. COLT INDUSTRIES**, 486 U.S. 800 (1988) and Clayton Antitrust Act, 15 USC Section 4 (Jurisdiction of Courts; Duties of U.S. Attorneys; Procedures). The several district courts are invested with jurisdiction to prevent and restrain violations of Section 1-7 of this Title.

## II. PLAINTIFF

6.      Plaintiff IRMA RUIZ RAMIREZ, is at all time mentioned as and Mexican American citizen and resident of Laredo Texas. Plaintiff is an entrepreneur who own and operate along with her husband a profitable business at Laredo City, Texas.

On November 4th 2019, Plaintiff established the company registered with the name of the CHALALA INC., (not counting several months of organization before) located at the 3407 North Buena Vista Avenue at Laredo Texas pursuant to the provisions of Article 3.01 of the Texas

Business for Profit Corporation. Plaintiff contributed as main owner with an average of $100,000.00 among other contributions included by not limited thousands of hours of hard work, cooking Mexican plates and promoting the organization of said company. The original business partner is the Defendant and actor under color of State Law and Notary Public ROSEMARY GONZALEZ, who taking advantage of her commission as State actor assigned his biological child the Defendant MARK ANTHONY GONZALEZ, as administrator of her interests in said company.

## III DEFENDANTS

7.     Defendant ROSEMARY GONZALEZ, is resident of Laredo Texas and a Notary Public, who acting under color of law; intentionally and with reckless disregard by the rights of Plaintiff deceived and tampered the original contract with the solely purpose to obtain control of said company and once the Defendant achieved her goal, taking advantage of his position and commission as a Notary Public proceeded to transfer said company under her child´s name. While mocking Plaintiff for several months adducing that she is a Notary Public and there is nothing Plaintiff can do to recover said company and investment. Furthermore, this Defendant is the same offender along with several Notary Publics in Laredo Texas responsible for the embezzlement and robbery of multiple businesses and properties  See **<u>EXHIBIT A.</u>**

8.     Both Defendants ROSEMARY GONZALEZ, and MARK ANTHONY GONZALEZ, are currently operating the CHALALA INC., located at the

same location in which Plaintiff originally established her company. Both Defendants are actors under color of State law pursuant the Supreme Court holding in **WEST V. ATKINS**, 487 U.S. 42 (1988) (the Court held that a physician, who is under contract, acted under color of State Law for purposes of Section 1983 when he treated the inmate´s injuries) both Defendants conspired to deprive Plaintiff´s property and business by mean of lies and deception, while slandering and (verbally) assaulting Plaintiff. Said Defendants have been deceiving countless of victims in Laredo Texas area, specifically individuals which immigration status is still pending before the Immigration Courts in the United States and/or individuals who are residents abroad, and trust their money at the hands of the Defendants. Once their victims are deceived by the defendants; the defendants denounce their victims before the DHS ICE and CBP officers in order to bar the Defendants´ victims to enter into the United States. **JOSE REYES LUJAN TREVIÑO V. DHS ICE, VICTOR LUJAN JR., ET AL**., Infra. See **EXHIBITS A-B.**

the Defendants are current and former owners of several illegal business which State and Federal Authorities have been closing at Laredo Texas. Specifically those Cassino Machines. Furthermore, Plaintiff recently learned about that illegal round-up collective money most commonly called **TANDAS** in which the Defendants collect several thousands of Dollars per week and never return that money to the beneficiaries, once the Defendants take control of huge amounts of money the Defendants call DHS ICE and CBP officers to deport their victims. Plaintiff is currently locating said victims abroad.

## IV EXHAUSTION OF LEGAL REMEDIES

9.      With due diligence and effort to recover Plaintiff´s investment and money and before several material witnesses, Plaintiff encouraged the Defendants to settle this claims out of courts. instead the Defendants are assaulting and slandering Plaintiff, while mocking her, alleging immunity as State actors. **MONROE V. PAPE**, 365 U.S. 167 (1961) (case of deprivation under color of state authority of the guaranty against unreasonable searches and seizures, contained in the Fourth Amendment and made applicable to the states by the Due Process Clause of the Fourteenth Amendment satisfies to that extent the requirement of 1979. Pp. 170-171).

Plaintiff a person of good moral character as well as his husband has been diligent in reaching an out of court settlement in order to avoid any harm to the Defendants since the injuries inflicted to Plaintiff caused severe damages to his business and person. Furthermore, despite the agreement before several witnesses in which Defendants agreed to honor part of the Debt as a settlement in which Plaintiff also in consideration to the extreme financial hardship in which we all are involved, due to the COVID 19 outbrake; both parties Plaintiff and Defendant agreed to honor said debt in the amount of $30´000.00 (thirty thousand Dollar) by December 3rd 2020.

Plaintiff has received nothing from the Defendants despite the deadline December 3rd 2020. Instead Plaintiff has been informed by personal friends that said Defendants are proffering verbal assaults while slandering Plaintiff, treating Plaintiff as an stupid person and other insults no worthy to mention in this action.

On or about Friday September 17th 2021, in a last effort to settle this case out of court Plaintiff transmitted to the Defendants a notarized letter via certified mail, informing the Defendants of their default debt and payments and giving them a last opportunity to honor said debt. Otherwise Plaintiff would file this suit against them.

Until this very date Plaintiff has received no phone calls from the Defendants, despite the Defendants registered Plaintiff personal information and phone calls on the current business. See **EXHIBITS C-D.**

## V. STATUTE OF LIMITATIONS

10.    The Statute of Limitations in this matter is governed by 28 USC Section 1350, since Plaintiff despite his American citizenship is exposed to the same deprivations of Plaintiff Lujan Treviño in **JOSE REYES LUJAN TREVIÑO V. DHS ICE, CBP LAREDO SAN ANTONIO DISTRICT, IMMIGRATION COURT CYNTHIA LAFUENTE GAONA, ET AL.**, USDC SDTX No. 5:20 CV 180. **REYNALDO FLORES V. SAN ANTONIO POLICE DEPARTMENT, R. VARA #2046** USDC SDTX No. 2:14 CV 283 **(FN.2)** See also **UNITED STATES V. SYLVIA MARGARITA GUAJARDO**, USDC WDTX No. (Guajardo an American

FN.2_____

IN FLORES V. SAPD, FOURTH COURT OF APPEALS DISTRICT OF TEXAS, PATRICIA O. ALVAREZ, KEVIN P. YEARY, BEXAR COUNTY D.A., ET AL. THE DEFENDANTS KIDNAPPED AND TORTURED PLAINTIFF WHILE EMBEZZLING HIS COMPANY AND ASSETS DIVIDING THEIR PLUNDER AMONG THEMSELVES WHILE FALSELY INDICTING PLAINTIFF OF HEINOUS CRIMES COMMITTED BY THE DEFENDANTS PROCEEDING TO RAPE PLAINTIFF' CHILDREN ALL IN AN EFFORT TO COERCE PLAINTIFF TO ENTER IN AN INVOLUNTARY PLEA AND KEEP OPERATING THEIR CRIOMINAL ORGANIZATION OF HUMAN TRAFFICKING IN THE STATE OF TEXAS.

citizen born and raised in Laredo Texas, was abducted and tortured by the defendants in **LUJAN TREVIÑO V. DHS ICE CBP ROBERTO SERNA ET AL**., in retaliation and vengeance for the free exercise of Constitutional rights)

the Statute of limitations in this matter is 10 years. Even though the State of Texas provides a 3 year statute of limitations and because of the customary deprivations of civil and human rights perpetrated by State and Federal Officials in the United States Plaintiff has no adequate remedies by State Law, for which the proper venue and remedy is 28 USC Section 1350. **ROBERTSON V. WEGMANN**, infra. **PAPA V. USA, INS**, infra. Citing 28 USC Section 1350. **(FN.3).**

However, Plaintiff cause of action is being filed within both State and Federal statute of limitations.

## VI STATEMENT OF THE CASE

11.    Plaintiff is a non-bilingual person, neither trained in the law, solely assisted by the Office of the Human Rights Reporter and Philanthropist Mr. Reynaldo Flores, as a relator in this matter. For which Plaintiff invoke Rule 8(a) of Federal Rule of Civil Procedure and both 5th Circuit and Supreme Court holding in **RUIZ V. UNITED STATES**, 160 F3D 273, 274 (5TH CIR. 1998)(per curiam),cert. denied, 527 U.S. 1041(1999) Plaintiff Pro Se complaint must be read indulgently. **HAINES V. KERNER**, 404 U.S. 519,

**FN.3**_____

28 USC SECTION 1350. ALIEN ACTION FOR TORT

STATUTE OF LIMMITATIONS. NO ACTION SHALL BE MANTAINED UNDER THIS SECTION UNLESS IT IS COMMENCED WITHIN TEN (10) YEARS AFTER THE CAUSE OF ACTION AROSE.

520 (1972) and his allegations must be accepted as true, and less they are clearly irrational, or wholly incredible.

12.     Plaintiff argues that Defendants violated her clear established Constitutional and federal statutory rights by embezzling her business and property by mean of deception and lies, while assaulting and slandering her, in order to intimidate Plaintiff and discourage her to file this suit.

The Defendants have no intentions to abate their criminal actions and injuries toward Plaintiff, to the extend that to this very date the Defendants are stealing and using Plaintiff´ identity, credits and personal information in order to attack and destroy her reputation, while referring and calling Plaintiff by nicknames. See **EXHIBIT E. Defendants are still using Plaintiff´s address as a main address to operate their business.**

The Defendants currently owe to Plaintiff over $100,000.00(one hundred thousand dollar) in personal loans, investment on equipment, without considering the long hours of labor, as a cook for the aforementioned business EL CHALALA.

13.     Plaintiff argues that the Defendants violated her civil rights under *42 USC Section 1981 of the Civil Rights Act.* Which protects against discrimination on the base of race and alienage. **GARNER V. GIAURRUSSO,** 571 F.2D 1330, 1340 (5ᵀᴴ CIR. 1978)(police officer alleges racially discrimination and his discharge from the force and under Section 1981-1983); **LYNCH V. CANNATELLA,** 810 F.2D 1363 (5ᵀᴴ CIR.

As in GARNER, the Defendants, in clear discriminatory fashion

virtually treated Plaintiff as an employee of her own company, compelling
her to perform tasks beyond her physical capacity, forcing Plaintiff to seek
medical care and abandon her 18 Dollar hour job on her husband´s
company. While Defendants were financially draining Plaintiff with
personal loans. The Defendants ignore that Plaintiff is a American Citizen
despite his good moral character the Defendants believe that Plaintiff is
only an LPR Legal Permanent Resident and subject to the capricious of the
Immigration and Nationality Act, and abuse of discretion and torture of
DHS ICE and CBP officers. **LOPEZ V. GONZALEZ**, 549 U.S. 47 (2006)
See also, **MATTER OF ALEJANDRO CASTILLO TREVIÑO**, 018
950320(Movant Treviño is a LPR of the U.S.A for over 30 years was
removed to Mexico by the Defendants I.J. Cynthia LaFuente Gaona on
account of a planted evidence and alleged Misdemeanor offense despite the
Constitutional prohibition to deport LPR and American Citizens, Treviño
was forced by the Defendants Roberto Serna and Bryan Gustafon to jump
in the first bus coming from Dallas Texas full of LPR and American Citizens
being deported to Mexico, without due of process of law).
Defendants ROSEMARY GONZALEZ and MARK ANTHONY GONZALEZ
taking advantage of the absence of Plaintiff, while in medical care, and in
clear discriminatory fashion as a Mexican Citizen and other based class
animus tampered the original official documents of the business taking
advantage of their employment and commission as Notary Public of the
State of Texas (See EXHIBITS A-C) and transferred the property of said
business under the name of the Defendant MARK ANTHONY GONZALEZ.

Said customary misconduct of Notary Publics in Texas is well known
on countless of cases in Laredo Texas. As noted in JOSE REYES

**LUJANTREVIÑO V. VICTOR LUJAN JR., ARMANDO GUTIERREZ, ET AL.**, USDC SDTX No. 5:20 CV 180 (the Defendants acting in collusion with a Notary Public of Laredo Texas, falsified a sort of document making appear the Defendants as owner of Plaintiff´s company in order to deceive the United States immigration laws by entering in a marriage fraud with Philippine women)

The Defendants violated Plaintiff´s federal statutory rights under both the U.S. Constitution and 42 USC Section 1981 secured by the 5th and 14th Amendments by acting under color of State Law and conspiring to deprive Plaintiff´s property and business by mean of deception and lies while falsifying a sort of documents in which the Defendants taking control of the business and profits of said business EL CHALALS INC., are using Plaintiff´s name before several creditors, since the Defendants possesses several bankruptcy reports on account of the same deceiving practices and reckless wasting of money taking from countless victims in Laredo Texas.

Despite Plaintiff´s due diligence the Defendants with callous disregard by Plaintiff´s Constitutional and statutory rights refuse to abate and abandon their criminal conduct in their belief that Plaintiff possesses not rights in the United States. **HALL V. PENSYLVANNIA STATE POLICE**, 570 F.2D 86,91 (3D CIR. 1978)(racially motivated misuse of Government power falls within the ambit of the language of Section 1981, where one of the enunciated right is denied.......)

14.    Plaintiff argues that the Defendants intentionally, knowingly and with reckless disregard by Plaintiff´s rights, violated her federal statutory rights secured by the U.S. Constitution and Treaties under 42 USC Section

1983 which read as follow:

> *Every person who under color of any statute, ordinance, regulation,*
> *custom or usage of any state or territory or the District of Columbia,*
> *subjects or causes to be subjected, any citizen of the United States or other*
> *person within the jurisdiction thereof to the deprivation of any rights,*
> *privileges, or immunities secured by the Constitution and laws, shall be*
> *liable to the party injured in an action at law , suit in equity, or other*
> *proper proceeding for redress...*

The Defendants in this matter are liable pursuant to Section 1983 as actors of state law since the Defendants are commissioners as Notary Publics which commission expire on October 15th 2023 and ID #6118943 and taking advantage of said commission and trust given to them by the State of Texas, the Defendants, intentionally knowingly and with reckless disregard for the clear established Constitutional rights-laws and Treaties entered in agreement to deprive Plaintiff of property and business while using Plaintiff name and credits to keep operating her business named EL CHALALA INC.

Defendant MARK ANTHONY GONZALEZ also biological child of the Defendant ROSEMARY GONZALEZ and current manager of the CHALALA Inc., this Defendant is also state actor pursuant the Supreme Court holding in **WEST V. ATKINS,** Defendant ROSEMARY GONZALEZ delegated to his child and Defendant MARK ANTHONY GONZALEZ, her commission as Notary Public and acting in cahoot both Defendants agreed to deprive Plaintiff of rights secured by the U.S. Constitutions and laws. 18 USC Section 241-242.

A person can exercise power from the government even if he or she does not actually work for the State directly. Which is the case at bar, both Defendants are Notary Publics whose taking advantage of said commission and actors of state law entered in agreement to injure Plaintiff.

### What is the consequence of a notary who notarizing a document by simply affixing her notary signature and seal without a notarial certificate?

15.    Merely affixing the notary´s signature and seal to a document constitutes an invalid notarization. Most states´ statutes dictate that a notary public must execute a notarial certificate in the performance of a notarial act. violation and acts of create civil and criminal liability for the notary..........furthermore as in the case at bar the Defendant ROSEMARY GONZALEZ erroneously allows the Defendant MARK ANTHONY GONZALEZ TO NOTARIZE ON HER BEHALF.

A NOTARY PUBLIC COMMISSION IS NON-TRANSFERABLE. The authority of a notary public cannot be transferred to another individual. Generally states´ laws indicates that any person who acts as, or otherwise willfully impersonates as a notary public not lawful appointed and commissioned to perform notarial acts is guilty of a Misdemeanor or a felony punishable upon conviction by a fine or by imprisonment or both.

Again both Defendants GONZALEZ are violating both state and federal law by misusing their commission as Notary Public for which the only Defendant legally appointed for said commission is Defendant ROSEMARY GOZALEZ. **BESSENYEI V. BERMILLION INC.,** C.A. No.7572-VCN (DEL.CH. NOV.16TH 2012)

See, **SKELTON V. PRICOR, INC.**, 963F.2D 100 (6TH CIR.1991) **(FN.4)**
See also **GIRON V. CORRECTIONS CORPORATION OF AMERICA,**
14 F. SUPP. 2D 1245 (D.N.M. 1988) (in GIRON a woman was raped by a
guard at a private prison, the court held that the guard was *performing a*
*traditional state function* by working at the prison, so his actions were
under color of state law.

## DEFENDANTS´ BREACHED THEIR FIDUCIARY DUTY AND THEREFORE LIABLE UNDER BOTH STATE AND FEDERAL LAW

16.    *Assuming arguendo,* both Defendants are legally appointed and
commissioned as Notary Public the following are some of the illegal actions
of said Defendants:

1. The Defendants GONZALEZ notarized an official document and
   instrument transferring Plaintiff´s business and property named EL
   CHALALA INC., company originally established and constituted
   under Plaintiff´s name and without her consent Defendants falsified
   Plaintiff´s signature in order to make appear Defendant MARK
   ANTHONY GONZALEZ as unique owner of said company, WHILE
   Defendant ROSEMARY GONZALEZ obtained and keep for herself the
   profits of said business.

2. On September 25th 2020 after Defendants took totally illegal control

FN.4_____

IN SKELTON A PRIVATE PRISON EMPLOYEE WAS ACTING UNDER COLOR OF STATE LAW AND
ALLOWED THE PRISONER TO SUE USING SECTION 1983

kept of Plaintiff´ company and clearly avoiding the due course of justice using Plaintiff name to obtain a Certificate of Occupancy from the city of Laredo a mandatory requirement from the State of Texas. Even though Plaintiff was absent on account of health issues while the Defendants were mocking and stealing Plaintiff´s money and investments. See **EXHIBITS A-E. MONROE V. PAPE**, 365 U.S. 167 (1961).

17.      Clearly and by unequivocally argument and evidence both Defendants are actors under color of state law therefore liable under 42 USC Section 1983. For which Plaintiff is the prevailing party on the merits.

## DEFENDANTS VIOLATED PLAINTIFF´S SECTION 1985 CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

18.      Defendants GONZALEZ, intentionally, knowingly and with callous disregard by Plaintiff´s 42 USC Section 1985(2)(3) **Conspiracy to Interfere with Civil Rights**; conspired among themselves and acting in their personal and official capacities entered in agreement to deprive Plaintiff of civil rights by tampering an official document to deprive Plaintiff property and business, with the solely and evil purpose to hinder, impeding and obstruct the due course of justice on this suit. And by mean of lies and deception avoid and delay the due course of justice, in order to bar Plaintiff of timely file this claim. For which Plaintiff resulted irreparable injured by the embezzlement of her business while the Defendants refuse to

honor their debts owed to Plaintiff on the amount of $100´000 Dollar investment on the EL CHALALA INC., even though in consideration to the extreme financial hardship caused by the current COVID 19 and effort to exhaust her legal remedies Plaintiff, allowed the Defendants to settle this case out of court by accepting an unique $30,000.00 Dollar payment by December 3d 2020. *Almost one year elapsed since the date of said agreement* and in clear discriminatory fashion, intimidation and threats, the Defendants are avoiding the due course of justice alleging that they are State Officials enjoying immunity and there is nothing Plaintiff can do to file this claim, or obtain relief sought, for which Plaintiff has been irreparable injured by the Defendants´ illegal actions  as private and public officials. While slandering and verbally assaulting Plaintiff in order to discourage her to file this suit. Boosting themselves that they are close friends and related to Texas Judges and Plaintiff will not succeed on any legal action against the Defendants. Therefore impeding, hindering, obstructing and defeating the due course of justice.

### SECTION 1985(2) CLAUSE ONE AND ITS SCOPE

19.     Section 1985(2) clause one proscribes if two or more persons conspire in any state or territory to deter by force, intimidation, or threat any party or witness in his person or property from attending or testifying in any court of the United States and conspiracies to injure the party or witness for having attended or testified or to influence the verdict, presentment, or indictment **KELLY V. FOREMAN,** 384 F. SUPP. 1352, 1356 (SDTX 1974) (its protects specific activities vital to the functioning of United States courts without requiring any allegation or proof of invidious

Page 16 of 30

discrimination. *Id. at 1355*. **GRIFFIN V. BRECKENRIDGE**, 403 U.S. 88 (1971)(Section 1985(3)  does not requires state action but reaches private conspiracies).

## DEFENDANTS VIOLATED PLAINTIFF´ SECTION 1985(3) AND THIRTEENTH AMENDMENT RIGHTS

20.     **Section 1985(3).**  In its initial interpretation the Supreme Court limited the breadth of Section 1985(3) to conspiracies that involve the state as a conspirators. As noted *Supra, in* **GRIFFIN V. BRECKENRIDGE** the court held that Section 1985(3) does not require state action but reaches private conspiracies such at the one alleged on Plaintiff complaint here (in RUIZ V. GONZALEZ) that are aimed at invidiously discriminatory deprivation of the (403 U.S. 88-89) equal enjoyment of rights secured to all by law, as is clearly manifested by the wording and legislative history of the statute and companion statutory provisions, and the Constitutional impediments that influenced the court´s construction of the statute in COLLINS.  Pp.95-103.

Section 1985 (3) provides a venue to redress the injuries inflicted to Plaintiff whether as state actor or private parties where the Defendants willfully and with callous disregard by the clear establish right of Plaintiff violated her federal statutory right under Section 1985(3) and Thirteenth Amendment.

## DEFENDANTS VIOLATED PLAINTIFF FEDERAL RIGHTS UNDER 28 USC SECTION 1986 ACTION FOR NEGLECT TO PREVENT

21.      *Section 1986 provides. Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned on Section 1985 of Title 42, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrong act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person with reasonable diligence could have prevented and such damages may be recovered in an action on the case, and any number of persons guilty of such wrongful neglect or refusal may joined as defendant in the action...........*

The defendants are guilty of conspiracy and fraud and liable under this provision of Title 42 USC Section 1986. Having power to prevent the injuries as state actors decide to conspire to deprive Plaintiff's property and business, while deceiving Plaintiff with the hope to reach one year statute of limitations under this Section 1986, in order to bar Plaintiff to file this suit and avoid the due course of justice. **BELL V. MILWAUKEE,** 746 F.2D 1205(1984).

## DEFENDANTS LIABILITY UNDER 15 USC SECTION SECTION 15 CLAYTON ACT/SHERMAN ACT

22.      Section 4 of the act provides:

(a)     Amount of recovery/prejudgment interest. Except as provided in Subsection (b)of this Section. Any person who shall be injured in

his business or property for reason of anything forbidden in the Antitrust laws may be sue therefore in any District Court of the United States in which the District the defendant resides or is found or has an agent, without respect of the amount in controversy and shall recover threefold the damages by him sustained, and the costs of the suit, including a reasonable attorney´s fees. (**FN.5**)

The court may aware under this Section, pursuant to motion by such person promptly made, simply interest or actual damages for the period beginning on the date of the service of such person pleadings setting forth a claim under the Antitrust Law and ending in the date of judgment, or for any shoeter period therein, if the court finds that the aware of such interest for such period is just in the circumstances.............

## VII LEGAL CLAIMS

23.     Plaintiff invoke the Federal Rule of Civil Procedure 8(a) asking the District Court to apply the lesser standard of review on this claims in order to avoid more damages and injuries and the interest of the society and in order to abate the customary misconduct of the defendants´ illegal actions and to construe this suit and claims as well pleaded pursuant the Supreme Court holding in *HAINES V. KERNER, Supra.*

**FN.5**_____

SHERMAN, APPROVED ON JULY 2D 1980. THE SHERMAN ANTITRUST ACT WAS THE FIRST FEDERAL ACT THAT OUTLAWED THE FEDERAL MONOPOLISTIC BUSINESS CODIFIED AS 15 USC SECTION 1-7 (2013)

## VIII CLAIM NUMBER ONE

24.      The Defendants violated Plaintiff´s clear established Title 42 USC
Section 1981, 1983, 1985(2)(3) and 1986 by acting in personal and in their
official capacities as state or private actors violating the statutory and
federal rights of Plaintiff and Constitutional guarantees under the
Thirteenth and Fourteenth Amendments and Treaties. And with callous
indifference for the rights of Plaintiff refuse to abandon their criminal
conduct in abeyance that this court never would administrate justice in this
customary misconduct of Notary Publics and serious matter. Said
Defendants having knowledge and power to prevent the injuries refuse to
so. **TRULOVE V. CITY OF SAN FRANCISCO,** No. 16-CV-050 YGR
(NDC JUL 16 2018) as in TRULOVE, Plaintiff properly and sufficiently
alleges claims under 42 USC Section 1983 et seq., in which state actors in
their customary policy and misconduct fabricated evidence and Brady
suspension, malicious prosecution, conspiracy, Tatum suspension and
Supervisory Liability. See also **REYNALDO FLORES V. SAN
ANTONIO POLICE DEPARTMENT, ET AL** USDC SDTX No. 2:14 CV
283 (SAME)(Texas officials after kidnap and rape Plaintiff´ children
proceeded to steal Plaintiff property taking for granted that Flores would be
disappeared in prison on account of fabricated charges of aggravated
kidnapping) Citing 42 USC Sections 1981-1988.

The Defendants in clear customary misconduct and obstruction of
justice and intentional delay are refusing to redress an out of court
settlement in which Plaintiff and Defendants agreed to honor said debt the
last December 3rd 2020. This action is being timely filed whether by the one
year statute of limitations provided by 42 USC Section 1986 or 3 years

state statute of Limitations. However, the Federal statute of limitations in this matter is ten (10) years.

   *The standard of review applicable in this matter is fulfilled. The Defendants acted with callous indifference for the clear established Constitutional and statutory rights of Plaintiff and evil purpose* to injure Plaintiff. The weight of evidence presented is based upon credibility and injuries suffered by several victims of the Defendants. Physical injury is not required to obtain relief in this matter. As noted in **CANNELL V. LIGHTNER**, 143 F.3D 1210, 1213 (9TH CIR. 1998)

## DEFENDANTS ARE NOT INMUNES NEITHER IN THEIR PERSONAL NOR IN THEIR OFFICIAL CAPACITIES AS STATE ACTORS

25.    As in **FORRESTER V. WHITTE**, 484 U.S. 219 (1988) the Supreme Court held, a State judge does not have absolute immunity from a damages suit under Section 1983 for his decision to demote and dismiss a court employee. Pp. 484 U.S. 223-230

       The Supreme Court accordingly, has applied the functional approach under which nature of the function entrusted to particular officials is examined in order to evaluate the effect of that exposure to a particular forms of liability would likely have on the appropriate exercise of that functions. Even with respect to Constitutional immunity granted for Congress and the President, the Supreme Court has been carefully not to extent that scope of protection further than its purposes require. Pp. 488 U.S. 223-225. See also **BELL V. CITY OF MIWAUKEE,** holding liability on state actors despite the high ranking officials and by conspiring to

conceal the facts and evidence. Citing 42 USC Sections 1981-1988.
Accordingly and respectfully Plaintiff believe that the Defendants are not
entitled to immunity in this matter and cause of action since the
Defendants violated a clear established constitutional rights and Treaties

## VIII CLAIM NUMBER TWO

26.     As a second claim Plaintiff sufficiently alleges that both Defendants
violated the Clayton Act/Sherman Act by conspiring to embezzle Plaintiff
business taking advantage of their power and fiduciary commission of the
State of Texas as Notary Public in order to take control of Plaintiff´s
business and property. While leaving Plaintiff with several debts with
serious creditors in the United states. Defendants were furnished with
several and huge personal loans that amount over $100,000.00 Dollars.
Plaintiff will produce sufficient evidence in order to obtain justice, if the
Defendants refuse to honor this claims. **UNITED STATES V. BORDEN**,
347 U.S.

## IX CLAIM NUMBER THREE
## Assault Defamation and Libel/Slandering

27.     Plaintiff is claiming damages for emotional or mental injuries since
the actions and defamatory statements and cruelty of the Defendants
caused severe pain-health issues and debts, for the last years 2020-2021,
losing his 18 dollar per hour employment, which evidence will be furnished
to court on discovery phase. The actions of the Defendants violated the
    First, Eighth, Thirteenth and Fourteenth Amendments of the U.S.
Constitution. Further, the Defendants in front of several material witnesses

adduce that Plaintiff is an incompetent and Stupid person, boosting themselves about how easy Plaintiff was deceived by the Defendants, who stole several thousand Dollars on personal loans. And said defamatory statement given to third party; entitled Plaintiff to actual injuries. However, as noted in **CANNELL V. LIGHTNER,** Supra, the Court held that the violation of Plaintiff First Amendment entitles a Plaintiff to Judicial review wholly aside of any physical injury he can show. See, **NEW YORK TIMES V. SULLIVAN**, 376 U.S. 254 (1964).

28.    *To sustain a claim of defamation or libel, the First Amendment requires that the Plaintiff show that the Defendant knew that a statement was false or was reckless in deciding to publish that information without investigating whether it was accurate.*

In the instant case, Defendants openly state before Plaintiff´s clients and personal friends and with ***malice*** state that Plaintiff is an incompetent and stupid person, who believe that she will recover her investment and personal loans given to the Defendants, with the bad intent to discourage Plaintiff to file this claims.

## X CLAIM NUMBER FOUR

29    **Plaintiff Claims for Injunctive Relief**. Almost a year elapsed since the deadline December 3rd 2020, date in which the Defendants and before several witnesses agreed to honor their settlement of $30,000.00 instead of the original $100,000.00 Dollar debt, for which the Defendant in

their customary misconduct as state actors needs to be enjoined by a
Protective Order and Injunction, in order to abate the Defendants´ criminal
conduct toward Plaintiff, and on behalf of countless of deceived victims by
said Defendants. A _Motion for Production of Document_ will demonstrate
before the court that the Defendants are stealing Plaintiff´s identity in
order to keep operating said EL CHALALA INC.

the standard of review on injunctive claims are fulfilled in this case

1. Plaintiff is likely to show at trial that the Defendants violated her
   rights. **18 USC Sections 241-242. (FN.6).**
2. Plaintiff is likely and in fact is suffering irreparable harm for which
   the court should Grant a preliminary injunction. Since the Defendant
   ROSEMARY GONZALEZ operate a Gang in Laredo area and is very
   likely the Defendants take retaliation against Plaintiff in vengeance

**FN.6**_____

18. USC SECTION 241

CONSPIRACY AGAINST RIGHTS. IF TWO OR MORE PERSONS CONSPIRE TO INJURE, OPPRESS,
THRETEN, OR INTIMIDATE ANY PERSON IN ANY STATE, TERRITORY OR COMMONWEALTH,
POSSESSION OR DISTRICT IN THE FREE EXERCISE OR ENJOYMENT OF ANY RIGHT OR
PRIVILEGE SECURED BY THE CONSTITUTION OR LAWS OF THE USA OR BECAUSE OF HIS
HAVING SO EXERCISED THE SAME; OR

IF TWO OR MORE PERSONS GO IN DISGUISE ON THE HIGHWAY, OR ON THE PREMISES OF
ANOTHER, WITH THE INTENT TO PREVENT OR HINDER HIS FREE EXERCISE OR ENJOYMENT
OF ANY RIGHTOR PRIVILEGE SO SECURED-

THEY SHALL BE FINED UNDER THIS TITLED OR IMPRISONMENT NOTMORE THAN TEN
YEARS, OR BOTH, AND IF DEATH RESULT FROM THE ACTS COMMITTED IN VIOLATION OF THIS
SECTION OR IF SUCH ACTS INCLUDE KIDNAPPING OR AN ATTEMPT TO KIDNAP, AGGARVATED
SEXUAL ABUSE OR AN ATTEMPT TO COMMIT AGGRAVATED SEXUAL ABUSE, OR AN ATTEMPT
TO KILL, THEY SHALL BE FINED UNDER THIS TITLE OR IMPRISONED FOR ANY TERM OF YEARS
OR FOR LIFE, OR BOTH, OR MAY BE SENTENCED TO DEATH.

for the free exercise of her rights and this suit.

3. The threat of harm that Plaintiff is facing is greater than the harm the Defendants will face if the court Grant a preliminary injunction

4. A preliminary injunction will serve the public interest, since the Defendants are dangerous criminals who are responsible for countless of State and Federal felonies, mocking the weaked Texas law, without any available legal remedies to abate said misconduct. **RONALD WILSIN V. TEXAS**, PD-0307-09 (the RICOMEN San Antonio Police Officers fabricated a false police report in order to convict Wilson by said customary mean of deception and lies) **EXPARTE MICHAEL MORTON,** No. AP-76,663 (only after the criminal organization of human trafficking Texas' Gulag TDCJ and its shareholders were served with 25 years sentence only then the political prisoner Morton was released from abduction). See, **REYNALDO FLORES V. TEXAS,** No. 2012 CR 1969 (case in which the human rights reporter Mr. Reynaldo Flores was kidnapped at gun point along with his 3 children, being robbed by San Antonio Police Officers R. Vara #2046, Valadez R. J. Porter, Frances Ochoa, David Bierman, inter alios. While framing Flores on false charges of Aggravated Kidnapping, and coercing and raping his children in order to obtain an involuntary plea. Flores entrapped the RICOMEN in an infested Jury Trial composed by felons and San Antonio City employees, once acquitted Flores was sent to the Texas' Gulag in order to cause him disappear and avoid the society learn about such

brutality and lies).

30.    In **TEXAS V. MANUEL RIVERA**, 2013 CR 4809, The RICOMEN San Antonio Police Officers AARON KLOPP, acting in collusion with the retained lawyer GERALD GONZALEZ, the former Bexar County D.A. SUSAN D. REED, Bexar Cnty Sheriff, and trial judge MARY ROMAN; kidnapped, tortured until leave Rivera unconscious with broken bones and ribs, once Rivera call 911 in order to find protection from an assailant. Instead to arrest the offender SAPO KLOPP visible intoxicated proceeded to inflict Rivera a brutal assault and thrown Rivera into Bexar Cnty Jail, without Gerstein Hearing. **GERSTEIN V. PUGH**, 420 U.S. 103 (1975)

A preliminary and permanent injunction will set a precedent in Texas and in the United States in order to abate the criminal conduct of the Defendants and other(s) Notary Public and Laredo City Public Officials, who are taking advantage of their fiduciary duties, instead to discharge said duties, are stealing, tampering official documents of business and properties. To the extent to appear themselves and their families as new owners of the fruit of their robberies and embezzlement of properties and business. In **JOSE REYES LUJAN TREVIÑO V. ARMANDO GUTIERREZ, VICTOR LUJAN JR., DHS ICE, ET AL.,** *Supra.* The Defendants intentionally and callous indifference hired a Notary Public in order to embezzle Plaintiff´s property and business. Now the Notary Public alleges that his seal and record were stolen by the Defendants.

## XII. CONCLUSION AND PRAYER

31.    **The standard of review on every claim are fulfilled in this suit,** the Defendants with callous indifference for the rights of others and Plaintiff´s due process clause of the Fifth and Fourteenth Amendments **(FN.7)** refuse to abate their criminal conduct. **WOLFF V. McDONNELL,** 418 U.S. 539 (1974)(as in Wolff Court the standard 5 steps requirements have been violated by the Defendants, despite Plaintiff´s due diligence to settle this case out of court). See **SANDLIN V. CONNER**, 515 U.S. 472 (1975) Under *SADDLING* Standard Plaintiff suffered significant and extreme hardship at the hands of the Defendants who deprived her of property and business with callous indifference, to the extent to refuse to inflict harm upon Plaintiff and stealing Plaintiff´s identity in order to keep operating the CHALALA INC., and using Plaintiff´s personal information and address in order shield themselves of any potential damages, while keep the profits for the Defendants. While mocking, assaulting and slandering Plaintiff.

WHEREFORE, Plaintiff respectfully prays the United States District Court Laredo Division enter judgment GRANTING:

32.    A declaration that the acts and omissions described herein violated Plaintiff´s rights under the Constitution and laws of the United States and Treaties.

FN.7_____

THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT PROHIBITS A STATE FROM DEPRIVING ANY PERSON OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW.

33. Pursuant to Rule 65 and in their official capacities and as State actors GRANT preliminary and permanent injunction ordering the Defendants ROSEMARY GONZALEZ and MARK ANTHONY GONZALEZ to abate their criminal conduct toward Plaintiff by;

a. Immediately stop using Plaintiff´s identity, personal information and address in their fraudulent businesses.

b. order the Defendants to abate their harassing campaign against Plaintiff.

c. ordering the Defendants to abate the slandering and verbal assault as highly prejudice to Plaintiff good moral character and reputation.

d. ordering the Defendant(s) to properly discharge their fiduciary duties as Notary Public(s) and produce documents of every register and transaction given by the Defendants in order to establish the legality of their commissions.

34. For the violation of Plaintiff´s Title 42 Section 1981-1983 as state actors and in their personal/individual capacities Plaintiff claim $500,000.00 Dollar as compensatory damages jointly and severally against each Defendant.

35. for the violation of Plaintiff´s Title 42 Section 1981-1983 as State actors and in their personal/individual capacities Plaintiff claim 1,000.000.00 Dollar in punitive damages joined and severally against each Defendant.

36. For the conspiracy to deprive Plaintiff´s business and property continuous mockery to Plaintiff and pursuant to 42 USC Section 1985(2)(3) plaintiff claim$500.000.00 Dollar in compensatory damages jointly and severally against each Defendant.

37.    For the conspiracy to deprive Plaintiff´s business and property continuous mockery to Plaintiff and pursuant to 42 USC Section 1985(2)(3) plaintiff claim $1,000.000.00 Dollar in punitive damages jointly and severally against each Defendant.

38.    For the neglect to discharge their mandatory and fiduciary duties and failure to prevent Plaintiff´s injuries and continuous callous disregard for Plaintiff´s rights pursuant to 42 USC Section 1986 Plaintiff prays the Court GRANT $500,000.00 in compensatory damages jointly and severally against each Defendant.

39.    For the neglect to discharge their mandatory and fiduciary duties and failure to prevent Plaintiff´s injuries and continuous callous disregard for Plaintiff´s rights pursuant to 42 USC Section 1986 Plaintiff prays the Court GRANT $1,000,000.00 in punitive damages jointly and severally against each Defendant.

40.    for the clear violation to Plaintiff´ Title 15 Section 1-7 and Sherman/Clayton Act Plaintiff claim $300,000.00 in damages jointly and severally.

41.    For the continuous violation of Plaintiff´s civil rights under 18 USC Section 241-242 Plaintiff prays the United States District Court to compel the U.S. Attorney´s to file criminal charges against the Defendants, in order to set a precedent to the continuous criminal misconduct of Notary Publics in Texas and pursuant the Fifth Circuit holding in **UNITED STATES V. Bexar County Judge ANGUS McGUINTY** , No. 17-50487

42.    pursuant to 42 USC Section 1988 Plaintiff prays the U.S. District Court GRANT reasonable attorney´s fees and costs taxable to the Defendants jointly and severally.

43.    Plaintiff prays the Court to appoint Marshall to serve Summons in this matter, since the Defendants are active members of a dangerous criminal organization abroad and Plaintiff is in clear and imminent danger of physical injury. See Fed. R. Civ. P. 4-5.

44.    any additional relief this Court deems just, proper, and equitable.


Dated and signed on this the 27th day of September 2021.




IRMA RUIZ RAMIREZ

Plaintiff Pro Se

3407 North Buena Vista Avenue

Laredo Texas 78043